UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROPATI ROPATI** | : | **DOCKET NO. 6:17-cv-0219** |
| **A 029 125 111** | | **Section P** |
| **VS.** | : | **JUDGE FOOTE** |
| **LORETTA LYNCH** | : | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Ropati Ropati, pursuant to 28 U.S.C. § 2241. By this petition, petitioner challenges his post-removal-order detention. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Petitioner is a native of Western Samoa. He entered the United States on August 2, 1989 as a visitor for pleasure, authorized to remain in the United States until February 1, 1990. [*See* Govt. Ex. A, affidavit of Bryan S. Pitman, rec. doc. 17-1, ¶ 5]. On August 27, 1990, petitioner was ordered deported to Western Samoa, and was granted voluntary departure on or before October 22, 1990. Petitioner, who was not detained, failed to depart. [*Id*. at ¶ 6-7]. Over twenty years later, on July 8, 2011, petitioner was convicted of child molestation (2counts) and rape of a child 3rd degree, for which he was sentenced to serve 100

months imprisonment. [*Id*. at ¶ 8]. Petitioner was released from state custody on May 10, 2016 and was immediately detained by United States Immigration and Customs Enforcement (ICE). [*Id*. at ¶ 10].

On June 9, 2016, a travel document request was submitted to the Permanent Mission of Samoa at New York, New York. The request was accompanied by petitioner's expired passport and identity documents. [*Id*. at ¶ 11].

Decisions to Continue Detention were issued on August 22, 2016, November 17, 2016 and March 1, 2017 following post-order custody reviews by the Washington Field Office and ICE Headquarters in Washington, DC, respectively. [*Id*. at ¶ 12, 13 and 14; rec. doc. 1-1; rec. doc. 8-1]. The most recent decision expressly states that "ICE is currently working with the government of Samoa to secure a travel document for your removal from the United States. A travel document from the government of Samoa is expected." [rec. doc. 8-1].

On March 22, 2017, the Consulate General of Western Samoa informed ICE that a travel document remains pending, and that request, along with petitioner's expired passport and identity documents, has been submitted to the Government of Western Samoa in Apia for verification. [*Id*. at ¶ 16].

The United States through the Department of State is presently working with the Government of Western Samoa to obtain a travel document for petitioner

2

and is applying "diplomatic pressure" on Western Samoa to accept petitioner; such pressure has historically been successful in finalizing removals. [*Id*. at ¶ 17].

Petitioner filed this petition for *habeas* relief, challenging his continued detention in post-removal-order detention, on January 30, 2017. Petitioner states in his petition that he is subject to a final removal order and has been in post-removal-order custody pursuant to INA § 241 for more than 6 months. He challenges his detention as indefinite and claims that his removal is not likely to occur in the reasonably foreseeable future. On March 1, 2017, the court ordered the respondent to respond to this petition. [rec. doc. 5].

The respondent has filed a response wherein he argues that petitioner has not demonstrated that his removal is not likely to occur in the reasonably foreseeable future. The response points out that Western Samoa has not refused to issue a travel document for petitioner, but rather has indicated that the request is pending, and that lapse of the presumptively reasonable removal period is not, of itself, sufficient to satisfy petitioner's burden to obtain relief herein. Further, the response notes that the State Department is applying diplomatic pressure on Western Samoa and that such pressure is historically successful. These allegations are supported by the sworn declaration of Deportation Officer Bryan S. Pitman. Thus, the respondent argues that petitioner has failed to establish that his removal

is not likely to occur in the reasonably foreseeable future.

## LAW AND ANALYSIS

In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under 8 U.S.C. §1231(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. The Supreme Court went on to recognize six months as a presumptively reasonable period of detention for INS detainees following a final order of removal. *Zadvydas*, 121 S.Ct. at 2504.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut this showing. And for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas,* 121 S.Ct. 2505.

In the matter before this court, petitioner has been in post-removal-order detention for a period greater than six months. However, this does not mean that petitioner is automatically entitled to release. In order for petitioner to secure his

release from custody, the evidence must demonstrate that he has been detained beyond a period reasonably necessary to bring about his removal from the United States and that there is no significant likelihood of removal in the reasonably foreseeable future. This showing has not been made in this case.

To support his assertion that his detention is indefinite petitioner points only to the fact that he has been detained beyond the six-month period recognized as presumptively reasonable by the Supreme Court in *Zadvydas*. However, in *Andrade v. Gonzales,* 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit reiterated that the Supreme Court's holding in *Zadvydas* "creates no specific limits on detention", that "'an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future'", and that "[t]he alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade*, 459 F.3d at 543 *quoting Zadvydas*, 121 S.Ct. at 2505. The Fifth Circuit also held that conclusory statements such as those offered by petitioner are not sufficient to satisfy the alien's initial burden of demonstrating that there is no significant likelihood of removal in the reasonably foreseeable future. *Andrade,* 459 F.3d at 543-44; *see also Thanh v. Johnson,* 2016 WL 5171779, *4 (W.D. Tex. 2016); *Issa v. Pimentel*, 2010 WL 2228533, *2 (N.D. Tex. 2010).

In this case, while petitioner conclusorily asserts that he has fully cooperated with efforts to effect his removal and that such efforts have to date been unsuccessful, petitioner has not produced any evidence to establish that Western Samoa has declined to issue a travel document for him. To the contrary, the respondent has presented evidence that Western Samoa has indicated that the request is pending and that diplomatic pressure in cases of delayed response are historically successful in finalizing the removal process. Further, the record reflects that the Government has taken, and continues to take, affirmative steps to obtain travel documents. Accordingly, the undersigned cannot find that that there is no significant likelihood of petitioner's removal in the reasonably foreseeable future.

For these reasons, this court finds that even though the petitioner has been in post-removal-order detention for more than six months, he has failed to demonstrate at this time that his removal is not likely to occur in the reasonably foreseeable future or that he has been detained beyond what is reasonably necessary to bring about his removal from the United States. Accordingly, this court finds that petitioner's constitutional rights are not violated by his post-removal-order detention in ICE custody while awaiting a travel document from Western Samoa.

Further, there are custody review procedures in place to periodically review the petitioner's detention which provide him with all of the procedural process that is due. 8 CFR § 241.4. Petitioner does not contend that these procedures were not followed. To the contrary, in his petition, and as evidenced by documents attached to the petition, Petitioner admits his custody status has been reviewed on three occasions, but that his release was denied. These decisions show that ICE considered the appropriate factors when reviewing petitioner's custody, finding petitioner posed a flight risk and a danger to the community.[1] [rec. doc. 1-1]. Accordingly, the post-order custody review satisfies due process requirements. Although petitioner apparently does not agree with the outcome of his custody reviews, this Court lacks authority to review the government's discretionary decision to continue detention. 8 U.S.C. § 1252(a)(2)(B)(ii)[2]; *Atanda v. Clark*, 646

---

[1]The regulations provide that before making a custody decision, the reviewing official should consider the following factors: (1) disciplinary problems while incarcerated or detained by ICE; (2) the nature and seriousness of the alien's convictions, time served, probation and parole history, evidence of recidivism, and other criminal history; (3) psychiatric and psychological reports; (4) evidence of rehabilitation; (5) favorable factors, such as ties to the U.S. and number of close relatives residing here lawfully; (6) prior immigration violations and history; (7) the likelihood that the alien is a significant flight risk or may abscond to avoid removal; and (8) any other probative evidence. 8 C.F.R. § 241.4(f).

[2]Section 1252(a)(2)(B) provides in pertinent part as follows: "Notwithstanding any other provision of law . . . including section 2241 of Title 28, or any other habeas corpus provision ... no court shall have jurisdiction to review . . . any other decision or action of the Attorney General . . . which is specified . . . to be in the discretion of the Attorney General . . . ."

Section 1231(a)(6) provides for discretionary detention of inadmissible and criminal aliens beyond the removal period as follows: "[a]n alien ordered removed who is inadmissible

F.Supp.2d 1242, 1248 (W.D. Wash. 2009). Further, given that when not detained, petitioner previously failed to depart when granted voluntary departure, not being discovered again until over twenty years later, and his criminal conviction for child molestation and rape of a child, the custody determinations do not appear to have been made in an arbitrary, non-neutral, partial or unfair fashion as petitioner suggests.

However, under the circumstances, the right of petitioner to again file for relief pursuant to 28 U.S.C. § 2241 if he has not been removed from the United States within 6 months from this date is reserved to him.

For this reason,

**IT IS RECOMMENDED** that this petition be **DENIED AND DISMISSED without prejudice**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

---

under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, *may* be detained beyond the removal period. . . ." (emphasis added).

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, April 18, 2017.

_____
PATRICK J. HANNA
**UNITED STATES MAGISTRATE JUDGE**